# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

ERNEST LEE DENSON,        )
                          )
          Plaintiff,        )
                          )
v.                        )        CV623-002
                          )
MARLA RILEY, *et al.*,    )
                          )
          Defendants.        )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Ernest Lee Denson filed this 42 U.S.C. § 1983 case alleging he was not provided with adequate medical care while incarcerated at Georgia State Prison ("GSP"). *See* doc. 1 at 5, 12-15. The Court granted him leave to proceed *in forma pauperis* ("IFP") and directed him to complete and return the necessary forms. *See generally* doc. 3. Plaintiff filed his IFP forms the day after the Court entered its order recommending dismissal, *see* docs. 5 & 6, followed by a Motion for Request for Continuance, doc. 7. The Court construed Plaintiff's Motion for Continuance as a Motion to reopen and extend the time to file his IFP paperwork. *See* doc. 8. The Court granted his request and accepted that his failure to submit the forms was "because of excusable neglect," Fed.

1

R. Civ. P. 6(b)(1)(B).  *Id.*.  Thus, the Court vacated its prior Report and Recommendation of dismissal and screened Plaintiff's allegations under the Prisoner Litigation Reform Act ("PLRA").  28 U.S.C. § 1915A.

The Court directed Plaintiff to amend his Complaint, finding that Plaintiff's allegations of negligence were insufficient to state a claim.  *See* doc. 9 at 15.  It therefore ordered him to identify wrongdoers and articulate how their conduct harmed him.  Because "GSP (Medical)" does not constitute an entity or person capable of being sued under Section 1983, the Court recommended that it be dismissed from the case.  *Id.* at 14.  Plaintiff then filed his Amended Complaint, attempting to correct the issues noted by the Court, but he did not object to the recommendation of dismissal of GSP.  *See generally* doc. 10.

Plaintiff's Amended Complaint must also be screened pursuant to the PLRA to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).  Courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).  To avoid dismissal, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

## I. Background

The allegations contained in Plaintiff's Amended Complaint essentially mirror those contained in his original Complaint with some distinctions. *See generally*, doc. 10; *see also* doc. 9 at 4-5.  Though the date of the injury is not indicated, Plaintiff explains that, from May 2021 until July 2021, he complained to NP Riley and Warden Bobbitt about

swelling and pain in his midsection. Doc. 10 at 5. On July 7, 2021, Plaintiff's "left ball" became swollen to the size of a baseball, and he was taken to a Reidsville, Georgia hospital where Doctor Williams Jonathan told him he needed emergency surgery. *Id.* He states that his left side was badly infected and "dead" because of the infection, and that the area was "not getting any blood." *Id.* He was rushed from Reidsville to a hospital in Savannah where Doctor Cox removed his "left ball" from his "midsection." *Id.* He claims, generally, that "[m]edical at Georgia State Prison was not giving [him] the required medical treatment or medicine to handle [his] medical need or problem." *Id.*

Plaintiff's complaints to NP Riley and the warden again went unheard—this time about a cut on his right foot—from December 12, 2021, until February 16, 2022. Doc. 10 at 6. Even as the wound became infected, NP Riley was not "giving [Plaintiff] the right treatment or care." *Id.* At some point, Plaintiff was transferred to Johnson State Prison, where, on February 28, 2022, his right foot had to be removed. *Id.* It appears that Plaintiff received care once he was transferred to Johnson State prison from Doctor Agko, who placed him in the "AU hospital" in Augusta, Georgia. *Id.* However, on October 5, 2022, Plaintiff had to have

a second surgery to remove more of his foot at the same hospital.  *Id.*

Plaintiff amended his Complaint to make clear that his allegations involve Riley's failure to treat him even though he complained to Riley several times, and Warden Bobbitt's failure to effectively address the medical team about his medical problem.  While Plaintiff initially named Williams Jonathan, and "Doctor Cox" as Defendants, he has deleted their names from the Complaint.   In any event, it is apparent from the allegations that both Doctor Cox and Doctor Jonathan provided care to Plaintiff once they became aware of his conditions.  The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008).  Thus, it appears that Plaintiff seeks his damages of $100 million dollars only from Riley and Warden Bobbitt. *See* doc. 10 at 2.

## II. Discussion

As discussed in the Court's prior R&R, the Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions

under which he is confined." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). Plaintiff's claims implicate the Eighth Amendment's prohibition on cruel and unusual punishment if they constitute a "deliberate indifference to [the] serious medical needs of [a] prisoner[]" equating to an unnecessary and wanton infliction of pain. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To show that a prison official acted with deliberate indifference to serious medical needs, a prisoner plaintiff must allege the following: (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury.  *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).  Whether a serious medical need existed is an objective standard.  *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011).  However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).  To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010).  "However, not 'every claim

by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted); *see Estelle,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Plaintiff appears to assert a serious medical need and a resultant injury in compliance with above standard. *Cf. Lindley v. Birmingham, City of Ala.*, 652 F. App'x 801, 805 (11th Cir. 2016) (infection with visible symptoms was a "serious medical need"). Plaintiff also appears to allege that Defendants were deliberately indifferent. As instructed, Plaintiff has articulated more details regarding how specific individuals were deliberately indifferent to his worsening infection, rather than simply basing his claim on generic negligence against staff as a whole. Plaintiff alleges that Riley ignored months of complaining of two serious issues which resulted in seemingly preventable loss of limb and body. In other words, Plaintiff's Amended Complaint asserts that a Riley had knowledge of his serious medical needs, and not only failed to provide the most prudent care, but engaged in "an objectively insufficient response to [his] need" for care. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir.

2000). When there is "delay of treatment for obviously serious conditions where 'it is apparent that delay would detrimentally exacerbate the medical problem,' the delay does seriously exacerbate the medical problem, and the delay is medically unjustified," a prisoner states a claim. *Id.* at 1259-60 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994) *overruled in part by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002)).

As to Bobbitt, Plaintiff's allegations remain vague. Plaintiff has merely alleged that Bobbitt was aware of his ailment and that after becoming aware of it, he "addressed medical" about him, but Plaintiff suffered anyway. Doc. 10 at 6. Non-medical prison personnel are generally entitled to rely on the expertise of the medical staff and are not required to second-guess the medical staff's judgment regarding an inmate's care. *See Stallworth v. Graham*, 2015 WL 4756348, at *5 (N.D. Ala. Aug. 11, 2015) (collecting cases including *Johnson v. Doughty,* 433 F.3d 1001, 1011 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals."). However, the Eleventh Circuit has

also acknowledged that "an inmate or prisoner's medical situation may in some cases be so obviously dire that correctional officers may be held liable regardless of whether medical personnel are also aware of the situation." *Foster v. Maloney*, 785 F. App'x 810, 816 (11th Cir. 2019) (citing *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1159 (11th Cir. 2010)); *see also Goebert*, 510 F.3d at 1327 ("The fact that Goebert had been seen by [a doctor] does not mean that a layman could not tell that she had a serious medical need" and by referring the plaintiff "back to the same medical staff that she told him had ignored her daily requests for aid" and had already failed to set up an appointment for her with an outside specialist, official was deliberately indifferent.).[1]   Although Bobbitt's personal participation in the alleged constitutional violation, *Keith v. DeKalb Cnty., Ga.,* 749 F.3d 1034, 1047 (11th Cir. 2014), is not fully articulated, and Plaintiff's causation allegations are tenuous, Plaintiff has not presented facts incongruous with a claim.  Given that this case is in its infancy, this claim remains viable though not wholly established.

---

[1] To be sure, in *Goebert*, the prison doctor had already decided that the plaintiff needed to see an outside obstetrician, but failed to secure the visit which delayed her treatment, resulting in a viable claim.  Although Plaintiff here has not alleged such facts, he has not pled himself out of such a claim.

Finally, in its prior Recommendation, doc 9, the Court recommended dismissing GSP (Medical) because it does not represent an entity or person capable of being sued under the statute. When he amended his Complaint, Plaintiff declined to include GSP (Medical), Williams Jonathan, or Doctor Cox as defendants. Plaintiff also did not object to the dismissal of GSP (Medical), suggesting to the Court that he does not wish to assert a claim against them. For these reasons, the Court **VACATES** its prior recommendation to dismiss only GSP (Medical)[2] and instead **RECOMMENDS** that GSP (Medical), Williams Jonathan, and Doctor Cox be **DISMISSED**. The Court directs service upon Defendants Riley and Bobbitt.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

---

[2] The Court's direction to the prison account custodian to set aside 20 percent of future deposits for forwarding to the Court to pay the filing fee remains in full force. See doc. 9 at 15-16.

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge. After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Plaintiff's Eighth Amendment Claim against Defendants Riley and Bobbitt, a copy of Plaintiff's Amended Complaint, doc. 10, and a copy of this Order and Report and Recommendation shall be served upon them by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned

directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants

are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant

or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or

organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it

for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.   A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

<u>**ADDITIONAL INSTRUCTIONS TO PLAINTIFF**</u>

<u>**REGARDING MOTIONS TO DISMISS AND MOTIONS FOR**</u>

<u>**SUMMARY JUDGMENT**</u>

A Defendant may choose to ask the Court to dismiss this action by

filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants

to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED REPORTED AND RECOMMENDED,** this 18th day of April, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA