UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST LEE DENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV623-002 |
| | ) | |
| MARLA RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

After screening, the Court approved for service *pro se* plaintiff Ernest Lee Denson's claim that Defendants were deliberately indifferent to his serious medical needs. *See generally* doc. 11. Defendants waived service, docs. 14 & 18, and moved to dismiss Denson's claims, doc. 19. Denson responded. Docs. 21 & 22. The deadlines for any party to file reply briefs has expired, *see* S.D. Ga. L. Civ. R. 7.6, so the Motion is ripe for disposition. For the reasons explained below, Defendants' Motion should be **GRANTED**, doc. 19, and Denson's Amended Complaint should be **DISMISSED**, doc. 10.

1

As the Court previously summarized, Denson's Amended Complaint alleges:

> from May 2021 until July 2021, he complained to NP Riley and Warden Bobbitt about swelling and pain in his midsection. Doc. 10 at 5. On July 7, 2021, Plaintiff's "left ball" became swollen to the size of a baseball, and he was taken to a Reidsville, Georgia hospital where Doctor Williams Jonathan told him he needed emergency surgery. *Id.* He states that his left side was badly infected and "dead" because of the infection, and that the area was "not getting any blood." *Id.* He was rushed from Reidsville to a hospital in Savannah where Doctor Cox removed his "left ball" from his "midsection." *Id.* He claims, generally, that "[m]edical at Georgia State Prison was not giving [him] the required medical treatment or medicine to handle [his] medical need or problem." *Id.*
>
> Plaintiff's complaints to NP Riley and the warden again went unheard—this time about a cut on his right foot—from December 12, 2021, until February 16, 2022. Doc. 10 at 6. Even as the wound became infected, NP Riley was not "giving [Plaintiff] the right treatment or care." *Id.* At some point, Plaintiff was transferred to Johnson State Prison, where, on February 28, 2022, his right foot had to be removed. *Id.* It appears that Plaintiff received care once he was transferred to Johnson State prison from Doctor Agko, who placed him in the "AU hospital" in Augusta, Georgia. *Id.* However, on October 5, 2022, Plaintiff had to have a second surgery to remove more of his foot at the same hospital. *Id.*

Doc. 11 at 3-5.

Defendants' Motion to Dismiss points out that "[i]n his form Amended Complaint, the Plaintiff acknowledged that Georgia State Prison had a grievance procedure and that he did not file a grievance

related to the issues of his lawsuit," doc. 19-1 at 1-2 (citing doc. 10 at 8-10), and that his explanation for his failure was the emergency nature of his condition, *id.* (citing doc. 10 at 10).  Defendants have supported their Motion to Dismiss with an affidavit from the grievance coordinator at Johnson State Prison, where Denson is currently incarcerated.  *See* doc. 19-2.  She provides a copy of the applicable grievance procedure, doc. 19-3, and testifies that Denson did not file any grievance related to his medical issues, doc. 19-2 at 4, ¶ 12.

Denson's response to the Motion does not dispute that he failed to file a grievance.  *See generally* doc. 21.  He reasserts that the medical care he received was inadequate.  *See id.* at 1-2.  Relevant to his failure to file a grievance, he lists only "circumstances that prevented [him] from filing a grievance," as including "serious illness, [and] being housed away from the facility, such as being out on a medical treatment."  *Id.* at 1.  In a document apparently responding to Defendants' request to stay discovery, Denson reiterates that his "condition cause him the reason [sic] why he didn't file a grievance . . . ."  Doc. 22 at 2.  He also alleges that he "was housed away from the prison for months and that he was in serious pain, stress, follow [sic] by serious medical treatment . . . ."  *Id.*

Finally, he states that he "did not have access to the kiosk or J-Pay [t]ablet." *Id.*

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).  Exhaustion of available remedies is mandatory, "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account."  *Ross v. Blake*, 578 U.S. 632, 639 (2016).  The statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court."  *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted).   "To exhaust administrative remedies in accordance with the PLRA, prisoners must *properly* take each step within the administrative process."  *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (emphasis added) (internal quotation marks and citation omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "that proper exhaustion of administrative remedies is necessary," to satisfy the

PLRA).  "Where exhaustion . . . is treated as a matter in abatement and

not an adjudication on the merits, it is proper for a judge to consider facts

outside of the pleadings and to resolve factual disputes so long as the

factual disputes do not decide the merits [of the underlying claims] and

the parties have sufficient opportunity to develop a record."  *Bryant,* 530

F.3d at 1376.

When a defendant files a motion to dismiss based on a prisoner's

failure to exhaust administrative remedies, the Court follows a two-step

process.  *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

As the Eleventh Circuit has explained:

> First, the court looks to the factual allegations in the
> defendant's motion to dismiss and those in the plaintiff's
> response, and if they conflict, takes the plaintiff's version of
> the facts as true.  If, in that light, the defendant is entitled to
> have the complaint dismissed for failure to exhaust
> administrative remedies, it must be dismissed.  [Cit.] . . . If
> the complaint is not subject to dismissal at the first step, . . .,
> the court then proceeds to make specific findings in order to
> resolve the disputed factual issues related to exhaustion.
> [Cit.]  The defendants bear the burden of proving plaintiff has
> failed to exhaust his administrative remedies.

*Id.* at 1082 (citations omitted).  "[O]nce [the defendant's] burden has been

met, the burden of going forward shifts to the plaintiff, who . . . must

demonstrate that the grievance procedure was 'subjectively' and

'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

Although Denson does not explicitly address Defendants' administrative exhaustion argument, as summarized above, he points to circumstances that, charitably construed, assert that the grievance process was not available to him. In similar circumstances, the United States District Court for the Middle District of Georgia has addressed such assertions as factual disputes at the second *Turner* step. *See, Black v. Rayburn* 2021 WL 6884740, at *6 (M.D. Ga. Dec. 14, 2021). As the Eleventh Circuit has explained, the Defendant's initial burden is to show that the administrative remedy is "generally available." *See Wright v. Georgia Dept. of Corrs.*, 820 F. App'x 841, 845 (11th Cir. 2020). Defendants have clearly borne that burden, given Denson's express concessions in the Amended Complaint. The question, then, is whether Denson has borne his burden to show that the remedy was subjectively and objectively unavailable to him. *Geter*, 974 F.3d at 1356. He has not.

While *Ross* unequivocally rejected any circumstantial exception to the PLRA's exhaustion requirement, it also recognized that the requirement "hinges on the 'availability' of administrative remedies: An

inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Id.* at 642 (alterations omitted). A remedy is "available" when it is "capable of use to obtain some relief for the action complained of." *Id.* (internal quotation marks and citation omitted). Some courts have recognized that "a prisoner who is injured or undergoing significant medical treatment faces a substantial obstacle to making use of administrative remedies, and if the prison will not accommodate such injury or medical treatment but will treat the grievance as untimely, administrative remedies become effectively unavailable." *Rucker v. Giffen*, 997 F.3d 88, 94 (2d Cir. 2021). However, the Eleventh Circuit has held that "temporary obstacles that prevent the submission of a timely grievance—such as a lockdown, a transfer, or a refusal by prison officials to provide the necessary forms—do not make administrative remedies unavailable where prisoners may request consideration of untimely grievances for good cause." *Abram v. Leu*, 848 F. App'x 868, 871 (11th Cir. 2021) (citing *Bryant*, 530 F.3d at 1373).

The "circumstances" that Denson points to as "preventing [him] from filing a grievance," are simply insufficient to render the procedure unavailable. Although Denson points to his hospitalization and illness,

he does not explain why he did not file a grievance, invoking the "good cause" exception to the ten-day time limit. The policy explicitly identifies all of the circumstances, except his lack of access to a kiosk or J-Pay tablet, as possible bases of "good cause." *See* doc. 19-3 at 2 ("Good Cause – A legitimate reason involving unusual circumstances that prevented the Offender from timely filing a grievance . . . . Examples include: serious illness, being housed away from a facility covered by this procedure (such as being out . . . for medical treatment)."). The procedure also includes specific provisions for filing grievances when inmates do not have access to kiosks or tablets. *Id.* at 3. Denson's failure to explain why the circumstances he identifies prevented him from filing a grievance, particularly given the provisions for those circumstances in the policy, is insufficient to bear his burden.

Denson does not dispute that he failed to file a grievance related to the events at issue in his Amended Complaint. To the extent that his reference to the various "circumstances," raises a factual dispute concerning the available procedure, the Court should find that Defendants have borne their burden under the second *Turner* step and Denson has not borne his burden to show that the procedures were

unavailable.    Defendants' Motion to Dismiss should, therefore, be **GRANTED**.    Doc.  19.    Denson's  Amended  Complaint  should  be **DISMISSED**.    Doc. 10.    This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district  judge  will  review  the  magistrate  judge's  findings  and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of

January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA